IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ELITE LOGISTICS SERVICES, INC., ET AL. | § § § | |
| VS. | § § | CIVIL ACTION NO. G-02-866 |
| ATX TECHNOLOGIES, INC., ET AL. | § § | |

## REPORT AND RECOMMENDATION

Before the Court is "Defendant ATX Group, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(1) for Lack of Standing to Sue." Having carefully considered the Motion, the response of Plaintiffs Elite Logistics Services, Inc., Elite Logistics, Inc., and Harold Pace, II, and the reply of ATX, the Court now issues its Report and Recommendation to the District Court.

## RELEVANT FACTS

The pertinent facts in this case relevant to the disposition of the instant Motion, many of which came to light after this suit had been pending for about 4 years, are very few and very disturbing. Harold Pace (Pace) applied for the patent-in-suit on January 9, 1996. The claimed invention was an improved GPS navigational system. The patent was rejected during prosecution until Pace amended it to include the highly disputed element of "simultaneous voice and data transmissions" as discussed in this Court's Report and Recommendation dated November 1, 2005. The patent issued on January 27, 1998. Since then, Pace has played fast and loosely and covertly with his patent. On February 19, 1998, he granted an exclusive 5 year license of the patent to Mobile Security Communications. Then, on May 27, 1999, he granted a perpetual and irrevocable non-exclusive license of the patent to Motorola in return for its promise to pay him

$1,000.00, apparently to resolve Pace's accusations of infringement and, perhaps, avoid litigation. Thereafter, on August 3, 2000, Pace assigned his ownership of the patent to Panther Navigation, Inc., a company he formed, together with Robert Randall, to exploit the patent. And finally, as far as is presently known, on December 11, 2000, he executed an "Assignment of Patent" to Elite Logistics, Inc., for a period of 13 years.

## ANALYSIS

On December 18, 2002, Pace and Elite[1] filed this suit for patent infringement. Based upon the facts related above, ATX filed its Motion to Dismiss alleging that the Plaintiffs had no standing to bring this action and had no present standing to further pursue it.

First, the rote. Only a patentee can sue for infringement. A patentee is either the party to whom the patent issued or a party holding legal title to the patent by virtue of an assignment of the patent. Any attempt to assign a patent which does not transfer complete ownership of the patent creates only a license. If the license created is an exclusive license, the licensee may sue for infringement if the patent owner is joined as a party. However, if the license is a non-exclusive license the licensee has no standing to sue.

Elite has no standing. When Pace executed the "Assignment of Patent" to Elite he was no longer the owner of the patent; he had previously transferred his ownership interest to Panther. Plaintiffs counter this argument by claiming Panther's failure to record its assignment rendered it "void as against the recorded assignment to Elite," a Bona Fide Purchaser for value. Of course, given Pace's activities relevant to this litigation, it would be easy to hazard a guess as to why

---

[1] Elite Logistics, Inc. and Elite Logistics Services, Inc. will hereafter be collectively referred to as "Elite."

neither Panther nor Pace, its Chief Executive Officer, recorded the Assignment, or to find that Pace's knowledge of the Panther Assignment can be imputed to his co-Plaintiffs and employer Elite.  See e.g. Wellington Oil Co. v. Maffi, 150 S.W.2d 60, 63 (Tex. 1941) ("Relevant knowledge may have been acquired by the agent before the time of his employment or after he becomes agent, either while acting for himself or for the principle.")   But even giving the Plaintiffs the benefit of the doubt, Elite loses this argument for a more basic reason: the purported "Assignment" is not an assignment at all.  The "Assignment of Patent" to Elite expressly provides that the transfer is "for a period of 13 years…(a)t the end of this period Elite Logistics, Inc. will reverse this assignment, reassigning the patent to Harold Pace."  A transfer of patent rights, however substantial, for only a limited period of time, less than the remaining life of the patent,[2] is nothing more than a license.  Aspex Eyeware, Inc. v. Miracle Optics, Inc., 434 F.3d 1336, 1343 (Fed. Cir. 2006)   Therefore, Elite could have had standing to file suit on December 18, 2002, only if it had acquired an exclusive license by virtue of the "Assignment of Patent" on December 11, 2000.  Unfortunately, for Elite, it did not.  Pace had already granted such a license to Mobile Security Communications on February 19, 1998, which was still in effect until February 19, 2003, whether Elite knew of its existence or not.  Sanofi S.A. v. Mid-Tech Veterinarian Products, 565 F.Supp. 931, 939-40 (D.N.J. 1983) (There are no recordation requirements for licenses and a purchaser of a patent license takes subject to undisclosed outstanding licenses)  Since Elite is, at best, a non-exclusive licensee, and probably not a licensee at all, Elite has no standing to prosecute this action.

---

[2]  By this Court's calculations, the 20 year life of the patent-in-suit expires on January 9, 2016, more than 2 years after the required reassignment by Elite.

On the other hand, it appears Pace has standing to pursue this action, but only for a very narrow field of claims. Pace divested himself of ownership of the patent when he assigned it to Panther on August 3, 2002. Pace, therefore, cannot pursue any infringement claims arising after that date. As to claims arising while Pace still owned the patent, he has standing. ATX has conceded this point.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that "Defendant ATX Group, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(1) for Lack of Standing to Sue" (Instrument no. 125) be **GRANTED in part and DENIED in part**; that all claims asserted by Elite Logistics Services, Inc. and Elite Logistics, Inc. against ATX be **DISMISSED, with prejudice**; and that all claims asserted by Harold Pace against ATX arising after August 3, 2002, be **DISMISSED with prejudice**.

The United States District Clerk **SHALL** serve a copy of this Report and Recommendation on each counsel of record who **SHALL** have until **May 11, 2007** to electronically file written objections with the District Court in the Galveston Division of the Southern District of Texas. Failure to file written objections to the proposed findings, conclusions and recommendations contained in this report within the allowed time **SHALL** bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.

**DONE** at Galveston, Texas, **FRIDAY** the 13th of April, 2007.

John R. Froeschner
United States Magistrate Judge