IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ELITE LOGISTICS SERVICES, INC., ET AL. | § § § | |
| VS. | § | CIVIL ACTION NO. G-02-866 |
| ATX TECHNOLOGIES, INC., ET AL. | § § § | |

### REPORT AND RECOMMENDATION

Before the Court are Defendant "Bobby Ford, Inc.'s Motion for Summary Judgment of Non-Infringement and for Attorneys' Fees Under 35 U.S.C. § 285" and "Defendant ATX Group, Inc.'s Motion for Partial Summary Judgment of Non-Infringement and for Attorneys' Fees Under 35 U.S.C. § 285." Having carefully considered the Defendants' Motions; the responses of Plaintiffs Elite Logistics Services, Inc., Elite Logistics, Inc., and Harold Pace, II; and the Defendants' replies, the Court now submits this Report and Recommendation to the District Court.

As the District Court knows, this is a patent case that has lingered on the docket for an unusually long time. Since the Plaintiffs filed their complaint, this cause has generated a work file now in its third storage box. It has required the Defendants to invest hundreds of hours in defense of Plaintiffs' infringement claims. And it now appears that this 4 1/2 year journey has been hugely a waste of time.

Ignoring all of the irrelevant details, the relevant present factual posture of this case can be quickly summarized. On January 27, 1998, a patent was issued to Plaintiff Harold Pace (Pace) for a GPS navigational system similar to that used in many luxury automobiles. On December 18, 2002, Pace, together with the Elite entities (Elite), alleged assignees of the patent, filed suit against

Bobby Ford and ATX claiming infringement of the patent.  The suit alleged that Bobby Ford sold cars equipped with a device which, when used, infringed Pace's patent and that ATX operated an infringing base station which allowed the devices to properly function.  The devices installed in the automobiles were developed by Motorola.  It has now recently come to light that on May 27, 1999, Pace, who until recently denied under oath having done so, entered into a Non-exclusive Licence Agreement (License) with Motorola, Inc., which gave Motorola the perpetual and irrevocable right to make, use and sell the invention.  Consequently, the Plaintiffs cannot truthfully assert infringement claims against Bobby Ford or ATX for their sale or use of any potentially infringing devices made by Motorola after May 27, 1999.[1]

Plaintiffs, in particularly Pace, desperately attempt to avoid summary judgment by attacking the validity of the License in several ways, none of which are persuasive.

First, Plaintiffs argue the License is void for lack of consideration.  Apparently, under controlling Illinois law, Courts do not ordinarily inquire into the adequacy of consideration and any consideration, however slight, is legally sufficient to support a promise.  Wickstrom v. Vern E. Alden Co., 99 Ill. App. 2d 254, 261, 240 N.E.2d 401, 405 (1968)    Therefore, the Recital in the License that the Parties agreed to the License "in consideration of the mutual covenants and obligations" should be the end of the matter.  Notwithstanding, the Court will, solely for its present purposes, accept Plaintiffs' proposition that the $1,000.00 fee to be paid by Motorola was its sole consideration.  Operating under that presumption, the Court notes that Pace executed the

---

[1] On Page 6 of its Motion, Bobby Ford states that the "only alleged infringement…is its offer to sell devices supplied by Motorola to Ford Motor Company in 2002" and references Plaintiff's Answer to Interrogatory No. 1; however, the Answer does not limit Plaintiff's alleged infringement to 2002, it only refers to the alleged devices themselves.  If Bobby Ford has evidence that all of Plaintiffs' infringement claims post-date May 27, 1999, such evidence should be submitted with any objections filed to this Report and Recommendation.

license upon Motorola's promise to pay him $1,000.00 within 30 days of his presentment of an invoice. The date after the license was executed, Pace sent an invoice to Motorola requesting that a "$1,000.00" "check" payable to "Harold Pace" for one "nonexclusive licence" be remitted. Pace now claims that he has no recollection of ever receiving the money and, since Motorola cannot provide direct evidence of payment, the license is void under Illinois law. This argument fails because Motorola's promise to pay the $1,000.00 upon invoice is sufficient consideration to support the validity of the license. See RESTATEMENT (SECOND) OF CONTRACTS § 71 cmt.d, illus. 11 (1981); see also Hartbarger v. SCA Services, Inc., 200 Ill. App. 3d 1000, 1012, 558 N.E. 2d 596, 604 (1999) (Relying upon § 71 to find that the promise to pay Plaintiff was sufficient consideration for an oral contract.)

Undeterred, the Plaintiffs next argue that payment of the $1,000.00 was "clearly a condition precedent to the granting of a license." However, one need only read Article 4, Section 4.2 of the License, to determine that it "clearly" was not. Payment was not to be made until Pace submitted an invoice for "the license and release fee *on or after* the Effective Date" (emphasis added) of the license.

Finally, Plaintiffs assert that the Defendants' inability to provide direct evidence of payment of the license fee by Motorola allowed them to rescind the License by letter dated February 27, 2007, "effective as of the date when it was first signed, based upon a complete failure of consideration." This is a curious argument. For one thing, to justify rescission, the burden to prove consideration was not given, under Illinois law, and probably the law of every other state, would be upon Plaintiffs, not the Defendants or Motorola. Insurance Company of North America v. Knight, 291 N.E.2d 40, 45 (Ill. App. 1972)   No less an impediment, as

Defendants also point out, is that the United States Supreme Court rejected just such an argument a mere 140 years ago!  In a patent case decided in 1856, the Supreme Court held that the adequate remedy at law, a breach of covenant cause of action, precluded revocation of the assignment of a patent for lack of annuity payments made by the assignee to the patentee.  <u>Hartshorn v. Day</u>, 60 U.S. (19 How.) 211, 217 (1856), cited with approval in <u>Friedman v. Manfuso</u>, 620 F.Supp. 109, 118, 226 U.S.P.Q. 978 (D.C. Cir. 1985) (Plaintiffs' cause of action is limited to breach of contract)  Moreover, even if Plaintiffs could conjur up a rescission, it could not be applied retroactively.  <u>Fasson v. Palace Ltd.</u>, 78 F.3d 1448, 1455 (9th Cir. 1996)

The License is not invalid, void or voidable for want of consideration.  Like Pace, the License speaks for itself.  But, unlike Pace, when the License "speaks" it belies his infringement claims.   Motorola's expressed promise to pay the $1,000.00 license fee was sufficient consideration to create an irrevocable License effective immediately upon its execution.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that "Bobby Ford, Inc.'s Motion for Summary Judgment of Non-Infringement and for Attorneys' Fees Under 35 U.S.C. § 285" (Instrument no. 126) be **GRANTED** insofar as it seeks summary judgment as to any and all infringement claims asserted by Plaintiffs against it in regard to any accused devices made by Motorola after May 27, 1999.

It is this Court's further **RECOMMENDATION** that the "Defendant ATX Group, Inc.'s Motion for Partial Summary Judgment of Non-Infringement and for Attorneys' Fees Under  35 U.S.C. § 285" (Instrument no. 145) be **GRANTED** insofar as it seeks the dismissal of all infringement claims asserted against it by Plaintiffs in regard to any accused devices made by Motorola after May 27, 1999, and used in the following vehicles and/or systems: BMW, Rolls-

Royce, Lincoln (RESCU and VCS), Visteon (VEMS), Jaguar (Assist), Infiniti (Communicator), Mercedes-Benz (Tele-Aid), and the first generation On-Guard Tracker.

Since there may be some infringement claims against Bobby Ford not covered by this Court's Recommendation, and there are some infringement claims against ATX not covered by this Court's Recommendation, the Court has chosen not to address, at this time, Defendants' request for a finding that this case is an exceptional case meriting an award of attorneys' fees.

The United States District Clerk **SHALL** serve a copy of this Report and Recommendation on each counsel of record who **SHALL** have until **May 11, 2007**, to <u>electronically file</u> written objections with the District Court in the <u>**Galveston Division**</u> of the Southern District of Texas. Failure to file written objections to the proposed findings, conclusions and recommendations contained in this report within the allowed time **SHALL** bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.

**DONE** at Galveston, Texas, **FRIDAY** the 13th of April, 2007

_____
John R. Froeschner
United States Magistrate Judge